**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sun Sky Hospitality LLC, | No. CV-18-00094-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| United States Department of Agriculture, | |
| Defendant. | |

Pending before the Court is a Motion to Intervene filed by non-party First Citizens Bank & Trust Company d/b/a First Citizens Bank ("First Citizens"). (Doc. 19.) Plaintiff Sun Sky Hospitality, LLC ("Plaintiff" or "Sun Sky") filed a Response in opposition (Doc. 20), and First Citizens filed a Reply (Doc. 21).

**I.     Background**

In 2010, First Citizens' predecessor-in-interest loaned Plaintiff $3.737 million, with the United States Department of Agriculture ("USDA") guaranteeing 80% of the loan principal and applicable interest under its Business and Industry Guaranteed Loan Program. (Doc. 19 at 3.)[1] In an underlying state-court proceeding, First Citizens alleges that Sun Sky defaulted on the USDA-backed loan. (*Id.* at 4.) Plaintiff has asserted frustration-of-purpose and failure-to-mitigate defenses in the state-court proceeding. (*Id.*)

On February 21, 2018, Plaintiff filed the above-captioned lawsuit pursuant to the Administrative Procedure Act and the Declaratory Judgment Act, seeking to depose

---

[1] Record citations refer to the page numbers generated by the Court's electronic filing system.

USDA employee Gary Mack under state-court subpoena and to compel production of documents in the USDA's possession. (*See* Doc. 1.) Plaintiff and Defendant have been engaged in efforts to resolve, without Court involvement, the issue that precipitated this case and a companion case, *United States v. Sun Sky Hospitality LLC*, MC 18-00002-RM. As a result of those efforts, Plaintiff conducted a deposition of Mr. Mack on June 13, 2018, and Plaintiff and Defendant agreed to a second, limited deposition if necessary after Defendant produced additional documents to Plaintiff. (Doc. 14 at 1-2; *see also* Doc. 20-1 at 4-5.)

On September 11, 2018, Plaintiff and Defendant notified chambers of a discovery dispute concerning documents that Defendant had withheld from production on the grounds that they may be privileged. (*See* Doc. 16.) On September 18, 2018, the Court ordered Defendant to submit the relevant documents to the Court for *in camera* review. (*Id.*) The Court further ordered Defendant to serve a copy of its Order on counsel representing First Citizens in the underlying state litigation. (*Id.*) Defendant complied with both orders. (Docs. 17, 18.) The documents submitted for *in camera* review are:

1. An April 29, 2011 engagement letter from attorney Margaret Gillespie of May Potenza Baran & Gillespie, P.C. to First Citizens;
2. An August 28, 2013 document titled "Proposed Action" from Margaret Gillespie to First Citizens, which sets forth legal opinions and is marked "attorney-client privileged"; and
3. A September 8, 2015 confidential mediation memorandum from May Potenza Baran & Gillespie, P.C.

On September 21, 2018, First Citizens filed the pending Motion to Intervene. (Doc. 19.) First Citizens seeks to intervene for the limited purpose of (1) addressing Defendant's potential disclosure of information and documents that First Citizens asserts are privileged, (2) addressing this Court's *in camera* review of the information and documents, and (3) seeking a protective order to preclude improper disclosure of the information and documents. (*Id.* at 1.)

## II. Motion to Intervene

### A. Legal Standard

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, "the court must permit anyone to intervene who," on timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). When analyzing a motion to intervene under Rule 24(a)(2), the Court must determine (1) whether the motion is timely; (2) whether the movant has "a 'significantly protectable' interest relating to the property or transaction which is the subject of the action"; (3) whether the movant is "so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest"; and (4) whether the movant's interest is "inadequately represented by the parties to the action." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (internal quotation omitted).

Under Rule 24(b)(1)(B), on timely motion, the court has discretion to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). When analyzing a motion for permissive intervention under Rule 24(b), the Court must determine (1) whether there is "an independent ground for jurisdiction"; (2) whether the motion is timely; and (3) whether there exists "a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). "In exercising its discretion over permissive intervention, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

### B. Discussion

First Citizens asserts that the three documents that have been submitted to the Court for *in camera* review are protected by the attorney-client privilege and the work-

product doctrine, and that intervention is necessary to allow First Citizens to adequately protect its significant interest in the non-disclosure of the documents. (Doc. 19 at 6-9.) First Citizens argues that it satisfies both the test for intervention as of right under Rule 24(a) as well as the test for permissive intervention under Rule 24(b). (Doc. 19 at 8-11.)

Plaintiff argues that First Citizens' Motion to Intervene should be denied as untimely. (Doc. 20 at 1, 9.) Plaintiff also argues that First Citizens has no protectable interest because it waived privilege. (*Id.* at 1, 5-8.)

The Court finds that First Citizens satisfies the test for intervention of right under Rule 24(a)(2).[2] First Citizens asserts that the documents submitted to this Court for *in camera* review are protected by the attorney-client privilege and the work-product doctrine. (Doc. 19 at 7.) If so, First Citizens has a significantly protectable interest in the non-disclosure of the documents.[3] Denying First Citizens' Motion to Intervene would impair or impede First Citizens' ability to protect that interest. As First Citizens is the holder of the asserted privilege, First Citizens' interest in the non-disclosure of those documents is not adequately represented by the current parties to this action.

Plaintiff argues that First Citizens' Motion to Intervene is untimely. (Doc. 20 at 1, 9.) In analyzing the timeliness of a motion to intervene, the Court evaluates three factors: (1) the stage of the proceeding; (2) prejudice to other parties; and (3) the reason for and length of the delay. This proceeding is still at an early stage; Defendant has not yet filed a responsive pleading, no scheduling order has issued, and First Citizens moved to intervene before the Court had resolved the dispute concerning whether the documents submitted for *in camera* review are privileged. Allowing First Citizens to intervene for the limited purpose of arguing that the documents at issue are privileged would not prejudice Plaintiff or Defendant and would not delay these proceedings. First Citizens

---

[2] Because the Court finds that intervention of right is appropriate under Rule 24(a)(2), it does not address the propriety of permissive intervention under Rule 24(b).
[3] As noted above, Plaintiff argues that First Citizens has no significantly protectable interest justifying intervention as of right under Rule 24(a)(2) because it waived privilege. (Doc. 20 at 1, 5-8.) However, the Court finds that First Citizens' assertion of privilege is sufficient to give First Citizens a right to intervene for the limited purpose of arguing privilege. Furthermore, as discussed below, the Court finds that First Citizens did not waive privilege.

filed its Motion to Intervene only ten days after the parties notified the Court of the dispute concerning the documents and the very next day after Defendant submitted the documents at issue for *in camera* review. The Court finds that First Citizens' Motion to Intervene is timely.

The Court will grant First Citizens' Motion to Intervene pursuant to Rule 24(a)(2) and will allow First Citizens to intervene for the limited purpose of arguing that the documents submitted for *in camera* review are privileged.

### III. Discovery Dispute

First Citizens' Motion to Intervene, Plaintiff's Response, and First Citizens' Reply all address the issue of whether the documents submitted for *in camera* review are privileged. The Court finds that the issue has been adequately briefed and that further briefing would not assist the Court in resolution of the issue.

### A. Legal Standard

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). It "protects confidential disclosures made by a client to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures." *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992) (internal quotation and citation omitted). It "applies to communications between lawyers and their clients when the lawyers act in a counseling and planning role, as well as when lawyers represent their clients in litigation." *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996). "The party asserting the attorney-client privilege has the burden of proving that the privilege applies to a given set of documents or communications." *In re Grand Jury Investigation*, 974 F.2d at 1070.[4]

"The work-product doctrine protects 'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'" *United*

---

[4] "[D]isclosure of allegedly privileged materials to the district court for purposes of determining the merits of a claim of privilege does not have the legal effect of terminating the privilege." *United States v. Zolin*, 491 U.S. 554, 568 (1989).

*States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011). "To qualify for work-product protection, documents must: (1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that other party's representative." *Id.* (internal quotation omitted). A court may order discovery of work-product materials if they "are otherwise discoverable under Rule 26(b)(1)" and the party seeking discovery "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(i)-(ii). "If the court orders discovery" of such work-product materials, however, "it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

The voluntary disclosure of privileged communications ordinarily constitutes waiver of the privilege. *Richey*, 632 F.3d at 566. However, under the "joint defense" doctrine, also known as the "common interest" doctrine, the confidentiality of communications between a party and the attorney for another party may be protected by the attorney-client privilege if "a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." *United States v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012) (internal quotation omitted). "Whether the jointly interested persons are defendants or plaintiffs, and whether the litigation or potential litigation is civil or criminal, the rationale for the joint defense rule remains unchanged: persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims." *Id.* (quoting *In re Grand Jury Subpoenas*, 902 F.2d 244, 249 (4th Cir. 1990)). The common interest doctrine may be invoked where attorneys have exchanged "confidential communications from clients who are or potentially may be codefendants or have common interests in litigation," *id.* at 979, if it is reasonable to infer that the disclosures were "intended to be insulated from exposure beyond the confines of the group," *In re Grand Jury Subpoena Duces Tecum*, 406 F. Supp. 381, 386 (S.D.N.Y.

1975).

**B.     Discussion**

The Court has reviewed the documents at issue. The Court finds that the document dated April 29, 2011 is protected by the attorney-client privilege; that the document dated August 28, 2013 is protected by both the attorney-client privilege and the work-product doctrine; and that the document dated September 5, 2015 is protected by the work-product doctrine. Because the common-interest doctrine applies, First Citizens did not waive privilege by disclosing the documents to the USDA. Nor did First Citizen's waiver of the attorney-client privilege for other documents result in waiver of the privilege for the documents at issue here. (*See* Doc. 20 at 6; Doc. 20-1 at 30.) Plaintiff has neither shown a substantial need for the work-product materials nor shown that it "cannot, without undue hardship, obtain their substantial equivalent by other means." *See* Fed. R. Civ. P. 26(b)(3)(A)(i)-(ii).

Accordingly,

**IT IS ORDERED** that First Citizens' Motion to Intervene (Doc. 19) is **granted** for the limited purpose of allowing First Citizens to argue that the documents submitted for *in camera* review are privileged.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that the following documents are privileged and, accordingly, Defendant shall not produce them to Plaintiff:

1. The April 29, 2011 engagement letter from attorney Margaret Gillespie of May Potenza Baran & Gillespie, P.C. to First Citizens;
2. The August 28, 2013 document titled "Proposed Action" from Margaret Gillespie to First Citizens; and
3. The September 8, 2015 confidential mediation memorandum from May Potenza Baran & Gillespie, P.C.

Dated this 25th day of October, 2018.

Honorable Rosemary Márquez
United States District Judge